Exhibit D

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR OSCEOLA COUNTY, FLORIDA**

**IN THE INTERESTS OF THE MINOR CHILDREN:** **CASE NO.: 2024-DP-000008, 2024-DP-000009, 2024-DP-000010**

**A.S.**

**A.S.**

**B.S.**

**S.S.**

**vs.**

**DONALD SEOANE,**

**FATHER.**

**MOTION TO SET ASIDE THE ORDER ADJUDICATING THE MINOR CHILDREN DEPENDENT AS TO THE FATHER OR MOTION FOR RELIEF OF JUDGMENT**

**COMES NOW** the Defendant, DONALD SEOANE, by and through the undersigned counsel, and moves this Court for extraordinary relief pursuant to Fla. R. Juv. P. 8.270 to Set Aside the Adjudicatory Order filed in this case April 30, 2025. In support of this motion the Defendant would show:

1. That the Father received newly discovered evidence which by due diligence could not have been discovered in time to move for rehearing.
2. The discovery in the form of Child Protection Team (CPT) Interviews of the minor children was provided via e-mail after the Court ordered them to be provided on May 2, 2025.
3. That this additional evidence was not previously provided, and if it had been provided prior to the Adjudicatory Hearing, the outcome would have been different.
4. That the CPT recorded interviews were previously requested by the Father in July of 2023 case 2023-DR-2668-DV. The Court ordered the Child Protection Team to provide the videos to the Court of any forensic evaluations of the children by CPT to be provided to the Court and the

Parties in the Court's order July 16, 2023.

5. A supplemental Order by the Court was issued August 11, 2023, wherein the Court ordered that the videos of the CPT forensic evaluations be made available for viewing by the parties at the hearing August 24, 2023.
6. On August 24, 2023, the tapes were not made available for inspection, rather the Court called a witness to testify as to the contents of the CPT tapes, and it is notated in the minutes that the Court asked questions regarding the tapes and allowed the Father to ask questions rather than view the tapes himself; to wit, the father asked "I was told that Andrew told you the mother was doing naked videos in front of him, did he tell you that?" The response was "no. I did not bring up that question."
7. The Court on August 24, 2023 did not allow the Father to view the CPT recorded interviews.
8. That the CPT recorded interviews were provided via e-mail on May 5, 2025, and the testimony provided by Ms. Gilbert with the Child Protection Team at the hearing August 24, 2023 is clearly disputed by the CPT tapes which were not provided to the Father at the hearing, despite his repeated requests.
9. The CPT recorded interview of A.S. clearly shows A.S. speaking to the interviewer and mentioning that the mother, Nantita Seoane, "shakes her butt in the camera" "without clothes on naked" in "mom's room" "with Anna" and described the camera as a "phone in camera stand so you can stand and you don't have to hold it" and described the phone as having a "black case" and described the stand as having colors with a round circle on the stand so the phone can stand it so she does tik tok." He tells the interviewer he sees it on her phone when Mom gives over the phone for him to play. *Kissimmee Rm 2 PIP_06-28-2023_36179*
10. He points to his back and says "it goes all the way down to here" pointing at his rear end.
11. When asked what he could see and what part of the body he could

see he responds "the private" and when asked where's the private, he responds "here" and points to his genital area, and when asked what it looked like and he says "like you pee in the toilet" and when once again asked what it looks like he says "it looks like a round shape like a hole." He states that he told his Father because it makes him scared.

12. Had the father been able to obtain this previously refused evidence, the outcome of the adjudicatory hearing would have resulted in a different outcome.

**LAW AND ARGUMENT**

Florida Rule of Juvenile Procedure 8.270 states that upon a motion and such terms as are just, the court may relieve a party or the party's legal representative from an order, judgment, or proceeding several reasons, including upon newly discovered evidence which by due diligence could not have been discovered. Prior to the adjudicatory hearing, requests have been made to obtain the CPT tapes by both the Father on his own and his attorneys. His requests--though granted--ultimately were denied and he has never been provided the CPT tapes.

Undersigned counsel was provided the CPT tapes on May 5, 2025 by e-mail, but was unable to view them at first due to technical issues with the link. Subsequently, the issues were rectified and the CPT tapes were viewed. The aforementioned statements made in the Statement of Facts were obtained by viewing the CPT tapes.

The Mother, Nantita Seoane, as well as persons from the Department of Children and Families and Caseworkers all testified at the adjudicatory hearing and were not subject to cross examination regarding the CPT interviews of the children which were the catalyst into the criminal cases for which the Father is incarcerated.

**WHEREFORE**, the Defendant moves this Honorable Court to enter its Order Setting Aside the Order Adjudicating the Children Dependent as to the Father, and any other recommendations as this Honorable Court deems just and appropriate.

**CERTIFICATE OF SERVICE**

I hereby certify that this original document has been e-filed wit the Clerk of Court through the E filing portal on this, the 13th day of May, 2025.

s/ Maryjane Cooper

Maryjane Cooper, Esq.
Cooper & Fernandez Law, PLLC
PO BOX 701509
St. Cloud, FL 34770
407-420-3826 | 407-564-6645
Maryjane@CoopFernLaw.com